UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CAROL VIGIL, | Case No.: 11-CV-04877 EJD |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| MICHAEL J. ASTRUE, Commissioner, Social Security Administration, | |
| Defendant. | |

Plaintiff Carol Vigil ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c) against Defendant Social Security Administration Commissioner Michael J. Astrue ("Defendant" or "Commissioner"). Plaintiff seeks to obtain review of the Social Security Administration's final decision denying her claim for disability benefits. She seeks an order reversing the Commissioner's decision and awarding her benefits, or, in the alternative, remanding for further administrative proceedings.

Presently before the Court are the parties' cross-motions for summary judgment. Having considered the parties' papers and the administrative record, the Court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

1

Case No.: 11-CV-04877 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. Background

Plaintiff was born on June 20, 1958. AR at 64. She has received medical treatment and medication for a number of ongoing health-related issues, including but not limited to Grave's disease, diverticulitis, obesity, hypertension and gastroesophogeal reflux disease (GERD). Administrative Record ("AR") at 21, 168. She lives with her mother, daughter and son, id. at 35, and has not worked for over fifteen years, id. at 134. Her treatment has occurred at Gardner Medical Clinic, id. at 289–329, 351–58, 290–409, and Valley Medical Center under the care of Thomas Satrom, M.D., and Ahmad Kamal, M.D., respectively. Id. at 338–68, 411–40. The medical treatment notes indicate that Drs. Satrom and Kamal controlled Plaintiff's Graves' disease, diverticulitis, hypertension, and GERD with medication. Id. at 289–329, 338–68, 411–40; see also id. at 42. Despite Plaintiff's limitations in walking, Plaintiff testified that Dr. Kamal's only medical advice thereto was to "walk, walk, walk." Id. at 23–24, 49.

On August 20, 2003, Plaintiff filed an initial application for Social Security disability benefits, which was denied by the Administration on September 2, 2003. Id. at 18. After a reconsideration hearing that took place on August 17, 2005, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled. Id. at 18.

Since then, Plaintiff has reached the age of fifty, and is deemed "of advanced age" permitting her to defeat the presumption of continued non-disability. See Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988). On June 18, 2008, Plaintiff filed her current application for Supplemental Social Security Income in which she cited Grave's disease, diverticulitis, asthma, goiter, a thyroid condition, stomach problems and "losing [her] teeth" as her disabilities. Id. at 18, 168. The Administration initially denied this claim on August 15, 2008. Id. at 18. On October 17, 2008, Plaintiff filed a Request for Reconsideration, amending the application to include other ailments

2
Case No.: 11-CV-04877 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

such as kidney disease, an enlarged heart, and a learning disability. Id. At a hearing that took place on February 10, 2010, ALJ Regina Sleater heard testimony from Plaintiff (with representation of counsel), Dr. Steven Gerber (an impartial board-certified physician), and Mr. Ronald Morrell (an impartial vocational expert with thirty-eight years' experience as a vocational rehabilitation counselor). Id. at 18–19; see also id. at 31–63.

In a decision dated February 23, 2010, the ALJ dismissed Plaintiff's application after finding that Plaintiff was not disabled as defined by the Social Security Act. See id. at 18–25. In doing so, the ALJ relied on the assessment of Dr. Gerber and Mr. Morrell to conclude that Plaintiff "is capable of performing work that exists in significant numbers in the national economy." Id. at 25.

On October 3, 2011, Plaintiff filed the instant action requesting judicial review of the Administration's decision. See Docket Item No. 1. On March 16, 2011, she moved for summary judgment arguing that the ALJ erred in discrediting the assessments of Drs. Satrom and Kamal. See Pl.'s Mot. for Summ. J., Docket Item No. 13. On April 13, 2012, the Commissioner cross-moved for summary judgment contending that the ALJ's reliance on both agency and impartial medical assessments should be accorded deference. See Def.'s Mot. for Summ. J., Docket Item No. 14.

**II.    Legal Standards**

    **A.  Standard for Reviewing the ALJ's Decision**

This Court has authority to review an ALJ's decision denying disability benefits. 42 U.S.C. § 405(g). However, the Court's jurisdiction is limited to determining whether substantial evidence in the administrative record supports the denial of benefits. Id. A district court may only reverse the ALJ's decision if it lacks support by substantial evidence or if the decision was based on legal error. Id.; accord Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001). "Substantial evidence" is relevant evidence that a "[r]easonable mind might accept as adequate to support a conclusion."

Vertigan, 260 F.3d at 1049 (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). This standard requires more than a scintilla of evidence, but less than a preponderance of evidence. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). The Court must uphold the ALJ's conclusion if it is one of multiple rational interpretations of the evidence. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).

### B. Standard for Determining Disability

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment must be so severe that a claimant is unable to do her previous work, and cannot "engage in any other kind of substantial gainful work which exists in the national economy," given her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A). "The claimant carries the initial burden of proving a disability." Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005); see also 42 U.S.C. § 423(d)(5)(A). If the claimant proves a prima facie case of disability, the burden shifts to the Commissioner to establish that the claimant can perform "a significant number of other jobs in the national economy." Thomas, 278 F.3d at 955. "The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." Thomas, 278 F.3d at 955.

The ALJ employs the following five-step process to evaluate Social Security disability claims. 20 C.F.R. §§ 404.1520, 416.920.

1) The ALJ must first determine whether the claimant is presently engaged in substantially gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled; otherwise the evaluation proceeds to step two.

4
Case No.: 11-CV-04877 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

2) The ALJ must determine whether the claimant has a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled; otherwise the evaluation proceeds to step three.

3) The ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments. 20 C.F.R. §§ 20 C.F.R. § 404.1520(d), 416.920(d). If so, the claimant is disabled; otherwise the analysis proceeds to step four.

4) The ALJ must determine the claimant's residual functional capacity despite limitations from the claimant's impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can still perform work that the individual has done in the past, the claimant is not disabled. If she cannot perform the work, the evaluation proceeds to step five. 20 C.F.R. §§ 404.1520(f), 416.920(f).

5) In this step, the Commissioner has the burden of demonstrating that the claimant is not disabled. Considering a claimant's age, education, and vocational background, the Commissioner must show that the claimant can perform some substantial gainful work in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g).

**III.   Discussion**

The issue before the Court is whether the ALJ had substantial evidence to find that Plaintiff had no severe impairments. Plaintiff contends that the ALJ erred in crediting the opinion of Dr. Gerber and according little weight to the opinions of Drs. Satrom and Kamal. Plaintiff argues that but for this error, the ALJ would not have had the requisite substantial evidence to conclude that Plaintiff was not disabled. Pl.'s Mot. for Summ. J. 4. The Court disagrees for reasons explained herein.

5
Case No.: 11-CV-04877 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### A. The Crediting of the Impartial Medical Examiners' Opinions

A non-treating or non-examining physician's opinions may serve as substantial evidence when those opinions are consistent with independent clinical findings or other evidence in the record. Thomas, 278 F.3d at 957. Here, Dr. Gerber based his opinion on Plaintiff's medical records, including treatment notes, as entered into the administrative record. See AR at 34–35, 39–42. In his consideration of Plaintiff's medical records, Dr. Gerber noted documentation of hypertension, hypothyroidism (Grave's disease; goiter), GERD and obesity. Id. at 40. In his opinion, all but Plaintiff's obesity could be controlled through medication and that Plaintiff's impairments, taken as a whole, were not "severe." Id. at 42; see also Carmickle v. Astrue, 553 F.3d 1155, 1163 (9th Cir. 2008). Additionally, after evaluating Plaintiff's medical record, the Administration's medical consultant, Dr. Nhat Pham, came to the conclusion that Plaintiff was capable of occasionally lifting fifty pounds, frequently lifting and carrying twenty-five pounds, standing continuously for six to eight hours in a workday, sitting with normal breaks for six to eight hours in a workday, and had no additional push/pull limitations. Id. at 331. Because Drs. Gerber and Pham based their opinions on clinical findings and evidence in the administrative record, their opinions may serve as substantial evidence for the ALJ's decision. See Thomas, 278 F.3d at 957. As such, the ALJ made no error in relying on them.

Plaintiff contends that the ALJ erred in failing to take into account the extremity of Plaintiff's obesity, the distinction between Grave's disease and hypothyroidism, and the effect of her confusion. Pl.'s Mot. for Summ. J. 4–7. However, because the ALJ based her decision on substantial evidence, the ALJ's interpretation is one of multiple rational interpretations of the evidence and could form the basis of her findings. See Burch, 400 F.3d 676 at 679 (9th Cir. 2005); see also Matney, 981 F.2d at 1019. As such, the Court finds that the ALJ's reliance on Drs. Gerber's and Pham's opinions did not constitute reversible error. See id.

6
Case No.: 11-CV-04877 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### B. The Rejection of the Treating Physicians' Opinions

Where a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may reject the treating or examining doctor's opinion only by providing specific and legitimate reasons that are supported by substantial evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). A rejection of a doctor's opinion may be based on evidence in the record that is inconsistent with that opinion. See id. at 1216–17. As the ALJ and the Commissioner note, the opinions of Drs. Satrom and Kamal as to Plaintiff's disability and capacity for work are comprised of answers provided on County Social Services Department's forms. See AR at 350, 442–47. These forms consist primarily of short fill-in answers and check boxes. Id. at 350, 442-47. Drs. Satrom's and Kamal's evaluations in these forms, however, are not supported by additional objective evidence, such as laboratory tests or a direct correlation to any of Plaintiff's impairments. Id. Therefore, they could be rejected or minimized by the ALJ when drawing her conclusions as to whether to award Plaintiff benefits. Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) (finding that conclusory findings in the form of a checklist were properly rejected); see also Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (finding that the ALJ properly rejected opinion of treating physician since it was not supported by treatment notes or objective medical findings). The record further indicates, and the Plaintiff admits, that no Third Party Function Report compiled by a medical doctor was included in the record. AR at 369–70; Pl.'s Mot. for Summ. J. 7 n.1.

Additionally, a doctor's opinion of complete disability that is disproportionate to that doctor's prescription of conservative treatment has been found to be a sufficient reason for rejecting that opinion. Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001). In this case, both the treatment notes and the testimony of Dr. Gerber indicate that all but Plaintiff's obesity were controlled through medication. AR at 42. Despite the limitations in walking that Dr. Kamal

7
Case No.: 11-CV-04877 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

mentions in his treatment notes, Plaintiff testified that his only prescription therefore was to "walk, walk, walk." Id. at 40, 48; see also id. at 24. Dr. Kamal's answers to County Social Services further indicated that Plaintiff's prognosis, despite his view of total disability, was "good." Id. at 441–48. Accordingly, because Dr. Kamal's conclusion of complete disability was disproportionate to his prescription of a conservative treatment regime, the ALJ made no error in assigning little weight to his opinion. See Rollins, 261 F.3d at 856.

## IV.  Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment, and GRANTS the Commissioner's Motion for Summary Judgment.

**IT IS SO ORDERED.**

Dated: March 21, 2013



EDWARD J. DAVILA
United States District Judge

8
Case No.: 11-CV-04877 EJD
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT